UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JEVHON DAVALOS, Individually and
as Independent Administrator of the
Estate of Cathrine Solano, Deceased;
JUSTIN DAVALOS; LAUREN ESTRADA;
ALYSSA ESTRADA; MARY LOU GALVAN;
and GUILLERMO AGUILAR,**

    *Plaintiffs*,

v.                                                                             Case No. **SA-20-CV-0576-JKP**

**ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,**

    *Defendant*.

**MEMORANDUM OPINION AND ORDER**

The Court has under consideration *Plaintiffs' Motion to Remand* (ECF No. 10). Defendant has filed a response (ECF No. 11) and Plaintiffs have filed a reply brief (ECF No. 12). Upon reviewing the briefing and applicable law, the Court denies the motion to remand.

**I. BACKGROUND**

"Plaintiffs bring this suit for a declaratory judgment and attorney's fees with respect to serious injuries suffered in a vehicular collision and the uninsured/underinsured motorist insurance coverages (UM/UIM) for damages for personal injuries sustained by Cathrine Solano (Solano), who is now deceased." Pls.' First Am. Compl. (ECF No. 9) ¶ 6. As a result of the accident occurring on or about November 19, 2013, Solano "sustained substantial physical and mental injuries, and suffered excruciating pain." *Id*. ¶ 7. Her vehicle "also sustained extensive damage." *Id*. At the time of the accident, "Solano was covered by a policy of insurance that included UM/UIM coverage issued by Defendant." *Id*. ¶ 6. On March 27, 2015, Solano died "as a direct and proximate result of the collision the subject of this lawsuit" her four surviving children, as well as her

surviving mother and father. *Id*. ¶ 9. Plaintiff has demanded that Defendant pay the UM/UIM benefits of the relevant insurance policy, "but Defendant has failed and refused to pay the full benefits due." *Id*. ¶ 10.

The decedent suffered various damages from the accident, including medical expenses, lost wages, pain and suffering, mental anguish, and funeral expenses. *Id*. ¶ 11. Each other plaintiff suffered damages for mental anguish, loss of inheritance, and loss of care, maintenance, support, services, love, companionship, etc. *Id*. ¶ 12. And each of the plaintiffs "stipulate and declare under penalty of perjury that the amount in controversy . . . is less than $75,000, excluding costs and interest." *Id*.; Ex. G attached to Reply. They seek a declaratory judgment that (1) each of them is entitled to recover as a beneficiary under the insurance policy, (2) the amount each is entitled to recover under the policy, and (3) the injuries to each plaintiff and their suffered damages are covered events under the policy. *Id*. ¶ 14. They also allege that "Defendant is entitled to a $30,000 offset" for their settlement with the driver who caused the accident. *Id*. ¶ 15. Finally, they seek their attorney's fees. *Id*. ¶ 16.

When Plaintiffs commenced this action in state court, they "affirmatively plead[ed] that they have suffered damages by virtue of the acts of Defendant which forms the basis of this controversy in total of less than $200,000.00 excluding attorney's fees." Pls.' Orig. Pet. (attached as part of Ex. A to Notice of Removal (ECF No. 1)). The original petition also sets out all matters recited above from the federal amended complaint except for the offset issue and the stipulations regarding the amount in controversy. And the original petition more precisely seeks attorney fees in the following amounts: (1) not less than $45,000 for preparation and trial; (2) not less than $20,000 for post-trial motions and appeal; (3) not less than $15,000 for other appellate matters; and (4) not less than $15,000 for appeal and argument. *Id*. at 7.

Defendant has removed this action based on diversity jurisdiction and alleges that the amount in controversy exceeds $75,000. *See* Notice of Removal. It contends that, "based upon a preponderance of the evidence, the amount in controversy is over $75,000, exclusive of interest and costs." *Id*. ¶ 2. It notes Plaintiffs' damage request ("less than $200,000 excluding attorney's fees") and the damages allegedly suffered. *Id*. ¶ 8. In addition, it notes that Plaintiffs made a written demand by letter dated February 11, 2019, wherein they (1) calculated lost wages for Solano to be in excess of $450,000; (2) "conservatively" estimated the loss to her children and parents to be $25,000 per child and $15,000 per parent; and (3) made demand for the policy limit of $100,000. *Id*. at 5. Although Defendant did not provide a copy of the demand letter, it quoted extensively from it. *See id.* Thus, according to Defendant, based upon the face of the state petition as reaffirmed by the demand letter, it is apparent that the amount in controversy likely exceeds $75,000. *Id*. ¶ 9.

Plaintiffs have moved to remand this case due to a lack of subject matter jurisdiction. Defendant opposes remand. The motion is ripe for ruling.

## II. MOTION TO REMAND

Defendant removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). While not contesting that the parties are diverse, Plaintiffs move to remand the case because the amount in controversy has not been satisfied. Each plaintiff has filed an unsworn stipulation limiting damages to $75,000 each.

### A. General Principles

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A "defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the

3

grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens [hereinafter Dart Cherokee]*, 574 U.S. 81, 87 (2014) (quoting § 1441(a)). The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs."

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

**B. Amount in Controversy**

Diversity of citizenship between the parties is not at issue here. The parties disagree only as to the amount in controversy. Normally, for purposes of removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). This is consistent with non-removed diversity cases. *See Dart Cherokee*, 574 U.S. at 87 ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith."). An important factor in "determining the amount in controversy" is whether Plaintiffs "demanded a specific amount of damages" in their state petition or complaint. *Scarlott*, 771 F.3d at 888. When the initial pleading demands a specific amount, that

sum "is itself dispositive of jurisdiction if the claim is apparently made in good faith." *Id*. (quoting *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984)).

Plaintiffs characterize this action as one for declaratory judgment. For such actions, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019). State differently, the amount in controversy in such actions "is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citation omitted). Furthermore, "in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim — not the face amount of the policy." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (citation omitted).

Here, Plaintiffs do not demand a specific amount of damages. They instead set an upper limit of $200,000 exclusive of attorney fees. In the notice of removal, Defendant asserts that the amount in controversy exceeds $75,000 based upon the damages alleged to have been suffered, the $100,000 policy limit, and amounts demanded in Plaintiffs' demand letter. Through their motion to remand, Plaintiffs have contested the amount in controversy alleged by Defendant.

Courts consider 28 U.S.C. § 1446(c)(2)(B) when a plaintiff contests the amount in controversy alleged by the defendant. *Dart Cherokee*, 574 U.S. at 88. Under that provision, "removal of the action is proper on the basis of an amount in controversy asserted [by the defendant] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." Through this process, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88.

Based upon well-settled circuit precedent, defendants can carry their burden "if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord Scarlott*, 771 F.3d at 888. Furthermore, to avoid manipulative issues, the Fifth Circuit created the following rule:

> if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). "In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [the jurisdictional amount], they can be removed unless the plaintiff can show he is legally bound to accept less." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 n.14 (5th Cir. 1995).

But "this is not a burden-shifting exercise," because the "plaintiff must make all information known at the time he files the complaint." *De Aguilar*, 47 F.3d at 1412. Nevertheless, plaintiffs can meet their "legal certainty" obligation in various ways, including citing in the state complaint "to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment," but absent citation to "such a statute, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *Id.* (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)); *accord Vielma v. ACC Holding, Inc.*, No. EP-12-CV-501-KC, 2013 WL 3367494, at *6 (W.D. Tex. Apr. 16, 2013).

Just last year, this Court assessed whether *Dart Cherokee* had altered the legal landscape in this area, and it remained confident of the continued viability of the well-settled approach

6

represented through circuit precedent like *Manguno*, *De Aguilar*, and *Allen*. *See Medina v. Allstate Vehicle & Prop. Ins. Co.*, 458 F. Supp. 3d 591, 597-99 (W.D. Tex. 2020). The Court now applies this well-settled approach as supplemented by *Dart Cherokee* to the circumstances of this case.

In this case, Defendant asserts that it is facially apparent from the types of claims and damages asserted in the complaint that damages are likely above the jurisdictional amount. It also relies on a demand letter sent by Plaintiffs. Although Defendant has not provided the demand letter, it has quoted extensively from it. Plaintiff, moreover, has not contested any aspect of the demand letter. Courts often utilize information from demand letters when considering whether the amount in controversy of a given case exceeds the jurisdictional amount. The circumstances of this case make it appropriate to utilize a common-sense approach to deciding whether Defendant has carried its burden. *Compare Allen*, 63 F.3d at 1336 (recognizing common-sense approach) *with Medina*, 458 F. Supp. 3d at 600-01 (discussing that approach and why it did not fit under the circumstances of that case).

In both the original state petition and amended federal complaint, Plaintiffs allege that the underlying accident in this case caused Solano "substantial physical and mental injuries," caused "excruciating pain," and resulted in "substantial extensive damage to her vehicle." They also allege that, due to the collision, Solano died sixteen months later. Plaintiffs, furthermore, assert a litany of damages that Solano alone suffered because of the accident, including medical expenses, lost wages, pain and suffering, and mental anguish. These types of damages rapidly exceed the jurisdictional amount in the context of a fatal car accident. Thus, although the face of Plaintiffs' pleading lacks some facts, i.e., age of the decedent, length of hospital stay (if any), nature of the injuries, that could be helpful in determining whether the jurisdictional amount has been satisfied, the test does not require exactness – it merely requires that the Court determine "whether the amount in

controversy was likely to exceed" the jurisdictional amount. *Allen*, 63 F.3d at 1336.

Given the alleged damages suffered by Solano, the Court finds that the amount in controversy in this action is likely to exceed to the jurisdictional amount based upon the face of the state petition. This finding is further buttressed by Plaintiffs' request for attorney fees under state law. These fees are properly "included as part of the amount in controversy." *Manguno*, 276 F.3d at 723. The addition of such fees increases the likelihood that the amount in controversy exceeds the jurisdictional amount. And to avoid any potential confusion, the additional or different allegations within the federal amended complaint does not affect the Court's jurisdictional analysis. Matters supplemented or first raised in the federal amendment have no bearing on whether the amount in controversy is likely to exceed the jurisdictional amount. Thus, even though Texas law requires a reduction of underinsured motorist benefits for amounts "recovered or recoverable from the insurer of the underinsured motor vehicle," *see* Tex. Ins. Code § 1952.106, Plaintiffs did not place offset at issue in their original state petition.

Plaintiffs argue that the damages cannot be aggregated to satisfy the amount in controversy. That argument loses its persuasiveness, however, when the Court has found the amount in controversy satisfied for Solano without regard to the other six plaintiffs. Plaintiffs also argue that the amount in controversy must exceed $75,000 for each of them. But the argument ignores supplemental jurisdiction under 28 U.S.C. § 1367 once the amount in controversy is exceeded for one plaintiff. At one time, it was the "general rule . . . that each plaintiff who invokes diversity of citizenship jurisdiction must allege damages that meet the dollar requirement of § 1332." *Allen*, 63 F.3d at 1330. However, the Supreme Court has subsequently held that

> where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional

>  amount specified in the statute setting forth the requirements for diversity jurisdiction.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); *accord De La Cerda v. Allstate Indem. Co.*, No. DR-07-CV-0076-AML-DGG, 2008 WL 11416946, at *3 (W.D. Tex. Sept. 30, 2008) (recognizing that claims of only one plaintiff "must exceed $75,000 to establish diversity jurisdiction"). Thus, although the party seeking federal jurisdiction may not aggregate damages of multiple plaintiffs to meet the jurisdictional amount, *Allen*, 63 F.3d at 1330, if damages for one plaintiff alone satisfy the amount, then other plaintiffs can be brought along via supplemental jurisdiction.

While the Court has found that the jurisdictional amount is satisfied from the face of the state petition, it bears noting that Defendant also relied on a demand letter from Plaintiffs to support such a finding. A demand letter can satisfy the defendant's "burden to prove the damages sought likely exceed $75,000." *Ham v. Bd. of Pensions of Presbyterian Church (U.S.A.)*, No. 3:04-CV-2692P, 2005 WL 6271207, at *3 (N.D. Tex. Mar. 8, 2005). And had Defendant failed to demonstrate that it is facially apparent that the amount in controversy exceeds $75,000, it could still satisfy its burden "by setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted); *accord Allen*, 63 F.3d at 1335. Furthermore, because the facts within the demand letter are not in controversy, Defendant need not provide summary judgment type evidence to support them. *See Dart Cherokee*, 574 U.S. at 89 (recognizing that evidence is not required under § 1446(c)(2)(B) until "the plaintiff contests, or the court questions, the defendant's allegation"); *Manguno*, 276 F.3d at 723 (recognizing a need for summary judgment type evidence for "facts in controversy"). From the uncontested facts set out in the demand letter, damages for Solano alone far exceed the jurisdictional amount.

Even though Defendant has carried its burden to show that it is likely that the jurisdictional amount is satisfied on the facts of this case, Plaintiffs may overcome that showing by showing that they are legally bound to accept less than the jurisdictional amount. But their proof is limited to when Defendant removed the action. Although Plaintiffs have now filed affidavits limiting each of their recoveries to less than the jurisdictional amount, their state petition did not contain any such limitation. Accordingly, Plaintiffs cannot now rely on their submitted affidavits to avoid jurisdiction in this Court. All "jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Allen*, 63 F.3d at 1335. The proffered affidavits do not relate to the time of removal. Instead, Plaintiffs now affirmatively state that none of them will accept more than $75,000. This is not sufficient. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (recognizing that absent a state statute limiting recovery, those who seek to prevent removal "must file a binding stipulation or affidavit with their complaints"); *Medina v. Allstate Vehicle & Prop. Ins. Co.*, 458 F. Supp. 3d 591, 597 (W.D. Tex. 2020) (recognizing continued vitality of *De Aguilar*).

### III. CONCLUSION

For the foregoing reasons, the Court finds that the amount in controversy in this action is likely to exceed to the jurisdictional amount required by 28 U.S.C. § 1332(a) and thus **DENIES** *Plaintiffs' Motion to Remand* (ECF No. 10).

**IT IS SO ORDERED this 25th day of February 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**